a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| SAMMY LEE CARPENTER III #46287-509, Petitioner | CIVIL DOCKET NO. 1:24-CV-00345 SEC P |
|---|---|
| VERSUS | JUDGE DRELL |
| WARDEN STEARNS, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Sammy Lee Carpenter III ("Carpenter"). Carpenter is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He claims that Defendants have violated his constitutional rights.

Because Carpenter does not challenge the fact or duration of his confinement, the Petition (ECF No. 1) should be DENIED and dismissed without prejudice.

I. **Background**

Carpenter alleges that he is being denied high blood pressure medication. *Id.* at 4. He regularly requests administrative grievance forms from staff, but his requests are ignored. ECF No. 1-2 at 3-4.

Next, Carpenter claims that he was confined in administrative segregation for two months without a sleeping mat. He was eventually moved to another cell that did not contain a working shower, sink, or toilet. *Id.* at 5-6.

Finally, Carpenter alleges that his personal property valued over $1,200 has been lost or destroyed without due process. *Id.* at 6.

## II. Law and Analysis

Carpenter asks that the Court "direct the Defendant to remedy its violations of Petitioner's rights," as well as "any additional remedies it sees fit." ECF No. 1-2 at 7. However, "[h]abeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979).

Section § 2241 allows federal prisoners to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). In other words, § 2241 governs challenges the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Carpenter does not challenge the computation of his sentence by the BOP or otherwise attack the fact or duration of his confinement. Success on the merits of his claims would not entitle him to an accelerated release from custody.

To challenge the conditions of his confinement or be compensated for destroyed property, Carpenter may file an appropriate civil action and pay the applicable filing fee after exhaustion of administrative remedies.[1]

---

[1] Carpenter has begun the process of exhausting his lost property claim by submitting a federal tort claim to the Bureau of Prisons ("BOP"). ECF No. 1-2 at 6.

### III. Conclusion

Because Carpenter does not challenge the fact or duration of his confinement, IT IS RECOMMENDED that the § 2241 Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to filing an appropriate civil action.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 22, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE